JUSTICE RICE
dissenting.
¶23 I dissent from the Court’s holding. I concur with Justice Cotter’s discussion, excepting only her conclusion that 10 days was a reasonable time for performance of the settlement agreement herein.
¶24 The Court correctly notes that determination of a “reasonable time” for purposes of § 28-3-601, MCA, is dependent upon the unique circumstances of each case. Here, the parties entered the agreement on March 3,2001, and, as part of their discussions, agreed to notify the District Court of the settlement, cancel the final pre-trial conference scheduled for March 5, 2001, and cancel the trial as well, which was set for March 30, 2001. This was done, and the District Court vacated these settings.
¶25 Because the agreement entered here contemplated resolution of trial issues and the cancellation of the associated trial date, it would *225 have been reasonable, given the failure to specify the time of performance, for the settlement to be completed no later than the time the trial was scheduled to begin. That was the purpose of the settlement-to alleviate the necessity of resolving the issues by trial. But for the settlement, the parties would have gone to trial on March 30,2001.1 would reverse and assess interest from that day until April 17, 2001, when payment was ultimately made.